**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

In re:  **JOHN E. FOWLER and**
      **DONICA S. KING**                                Case No. 12-13300-JDW

**Debtors**                                                 **Chapter 13**

**JOHN E. FOWLER and**
**DONICA S. KING**

**Plaintiffs**

v.                                                **ADVERSARY NO.**_____

**NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER,**

**Defendant**

---

**COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIEN OF THE SECOND MORTGAGE OF NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER**

---

     COME(s) NOW, the Plaintiff(s), JOHN E. FOWLER and DONICA S. KING, by and through his/her/their counsel Kevin F. O'Brien, who file this Complaint To Determine Validity, Priority And Extent Of Lien Of The Second Mortgage of NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER (hereinafter "NATIONSTAR") and in support thereof respectfully represent(s) to the Court as follows:

**JURISDICTION AND VENUE**

1.   This adversary proceeding arises in the context of and relates to the Chapter 13 of JOHN E. FOWLER and DONICA S. KING (the "Debtor(s)" or "Plaintiff(s)") which is now pending in this district as case number 12-13300-JDW

2.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(K). Specifically, this cause of action involves a judicial determination to be made as to the validity, priority and/or extent of NATIONSTAR's mortgage lien.

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## PARTIES

5. Plaintiff(s) (is)(are) the Debtor(s) in the instant Chapter 13 case and the obligor(s) under two promissory notes and deeds of trust, the first to U.S. Bank N.A. (hereinafter "U.S. BANK") and the second to the Defendant, NATIONSTAR.

6. NATIONSTAR is a foreign limited liability company formed in the State of Delaware which has registered for authority to operate in the State of Mississippi with the MS Secretary of State. It may be served through its registered agent for service of process at CORPORATION SERVICE COMPANY, 7716 Old Canton Rd., Suite C, Madison, MS 39110.

## FACTS

7. The Plaintiff(s) filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on August 10, 2012.

8. The Plaintiff(s) first executed a promissory note and deed of trust currently held by U.S. BANK that at the time of filing had an outstanding balance of approximately One-Hundred Thirteen Thousand Two Hundred Thirty Two and 32/100 Dollars ($113,232.32)("first mortgage") [claim #26]. Next, the Plaintiff(s) executed a promissory note and deed of trust that is now owned and being serviced by NATIONSTAR and that according to the claim filed in the underlying case had a

balance at the time the Chapter 13 case was filed of approximately Twenty Eight Thousand One Hundred Three and 50/100 Dollars ($28,103.50) ("second mortgage")[claim #14]. While the chapter 13 was pending, U.S. Bank National Association transferred the second mortgage to NATIONSTAR. [dkt#23 in the underlying chapter 13] (hereinafter "Transfer Notice"] The records of the DeSoto County Chancery Clerk do not reflect this transfer.

9. Plaintiff(s) allege(s) that the first mortgage has lien priority over the second mortgage.

10. The collateral allegedly securing both notes is the Plaintiff's(s') principal residence located at 7250 George Lane, Olive Branch, MS 38654 (hereinafter "real property" or "home").

11. At the time of filing, Plaintiff(s) allege(s) that the value of this home was $107,030.00 per Schedule A which appears at docket entry #1 in the underlying Chapter 13 case. This valuation is corroborated by the DeSoto County Tax Assessor's appraisal at the time that the underlying Chapter 13 case was filed in 2012.

12. Plaintiff(s) allege(s) that at the time of filing, there was no equity remaining, after deducting the balance of the first mortgage to which the second mortgage could attach.

13. A discharge was granted in the underlying Chapter 13 on February 15, 2018. [dkt#93]

## CAUSE OF ACTION

14. Plaintiff(s) allege(s) that the restriction on modification of a claim secured by the his/her/their principal residence in 11 U.S.C. § 1322 (b)(2) does not apply to his/her/their second mortgage with the Defendant as the second mortgage was

        entirely unsecured by any value in the Plaintiff's(s') residence at the time that the underlying chapter 13 case was filed.

15. Based on the foregoing, Plaintiff(s) (is)(are) entitled to a determination that the lien of Defendant for the second mortgage was wholly unsecured at the time that the underlying chapter 13 case was filed and that the claim may be modified as allowed by 11 U.S.C §§ 506 and 1322 (b)(2).

WHEREFORE, Plaintiff(s) respectfully request(s) the following relief: 1) that this Court determine that the lien of the second mortgage of the Defendant was wholly unsecured at the time that the underlying chapter 13 case was filed and that the claim may be modified and treated as unsecured; 2) that should the Plaintiffs be successful in this action, upon entry of the Order in this cause, the Debtors shall be authorized to file a certified copy of the Order and the Transfer Notice in the land records of the DeSoto County Chancery Clerk's Office as evidence of the cancellation of the Deed of Trust recorded at Book 2591, Page 499 in said Clerk's Office; and 3) that they be granted such further relief to which he/she/they may be entitled.

Respectfully submitted:

/s/ Kevin F. O'Brien
Kevin F. O'Brien MSB # 10731
1890 Goodman Road E
Suite 201
Southaven, MS 38671
(662) 349-3339